IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PHILLIP A. JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 15-2688-JWL-GEB |
| ) | |
| **TOYOTA MOTOR CREDIT CORP., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to file an amended complaint allowing him to join a party plaintiff (ECF No. 42) and his amended motion allowing him to join a party plaintiff, substitute party defendant Equifax Information Services, LLC, and for leave to file amended complaint (ECF No. 44).  For the reasons set forth below, plaintiff's motions shall be GRANTED.

### Background

Plaintiff brings this action against defendants for violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 et seq.  In June 2010, plaintiff and his wife leased a 2010 Lexus RX350 vehicle from Superior Lexus in Kansas City, Missouri.  The lease was assigned to Lexus Financial Services, a division of Toyota Motor Credit ("Toyota").  After plaintiff terminated the lease agreement in April 2013, Toyota demanded excessive mileage charges, which plaintiff asserts was in violation of the

contract.  Although plaintiff contacted Toyota regarding the disputed charges, the issue was turned over to a collection agency.  In September 2014, the three major credit reporting agencies—defendants Equifax, Inc.; Trans Union LLC; and Experian Information Solutions, Inc.—reported the account as past due and in collections on plaintiff and his wife's credit reports.  Even after plaintiff disputed the account status with all three, the agencies affirmed the balance due and continued to report the account as delinquent.

In the first count of his Petition filed in the Wyandotte County District Court, plaintiff alleges defendants Equifax, Experian, and Trans Union violated the FRCA by failing to reasonably investigate plaintiff's disputes and correct plaintiff's consumer reports.  In counts two and three of his Petition, plaintiff claims Toyota Motor Credit violated the FCRA through false reporting to the credit agencies and misrepresenting plaintiff owed money in contradiction to the lease agreement.  Plaintiff's first motion (ECF No. 42) seeks to amend his complaint to add his spouse, Robin Terrill-Jones, as a party plaintiff under Fed. R. Civ. P. 20(a) and amend the complaint under Rule 15(a)(2) to add additional details.  In his amended motion (ECF No. 44) he requests to not only add a plaintiff and additional details, but to substitute Equifax Information Services, LLC as a defendant in place of its parent company, Equifax Inc.

Notably, defendants Toyota, Trans Union and Experian did not respond to plaintiff's motions, and the court considers their failure to respond as a lack of opposition. (*See* D. Kan. Rule 7.4.)  Equifax does not oppose the addition of Robin Terrill-Jones as a party plaintiff under Rule 20(a) and does not address amendment of the

2

complaint under Rule 15(a)(2) to add additional details.  (Def.'s Resp., ECF No. 51 at 2.)  The court therefore considers plaintiff's initial motion to amend (ECF No. 42) as unopposed.

Equifax objects to plaintiff's second motion (ECF No. 44) on the grounds that plaintiff's deadline to amend passed before he filed the motion, styled as an "Amended" motion.  Equifax argues plaintiff cannot establish good cause under Fed. R. Civ. P. 16, and even if he could, the motion should be denied because plaintiff cannot meet the requirements of Rule 15.

**Standard**

The standard for permitting a party to amend his or her complaint under Fed. R. Civ. P. 15(a) is well established.  Without an opposing party's consent, a party may amend his pleading only by leave of the court.[1]  Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion.[2]  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[3]  The court considers a number of factors when deciding whether to allow

---

[1] Fed. R. Civ. P. 15(a).  A party may amend its pleading once as a matter of course before a responsive pleading is filed.  The time for amending "as a matter of course" is long past.
[2] *J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[3] *Hinkle v. Mid-Continent Cas. Co.*, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[4]

When the proposed amendment is offered after the deadline in the scheduling order for amending pleadings has passed, Fed. R. Civ. P. 16(b)(4) is implicated. It provides that a "schedule may be modified only for good cause and with the judge's consent." "Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline."[5] In these cases, the court "first determines whether the moving party has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[6] Only after finding good cause has been shown will the court proceed to the second step and evaluate whether the more liberal Rule 15(a) standard for amendment has been satisfied.

"Good cause" under Rule 16(b)(4) requires the moving party to "show that the amendment deadline could not have been met even if [he] had acted with due diligence."[7] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[8] The party requesting an untimely amendment "is normally expected to

---

[4] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[5] *Carefusion 213 v. Professional Disposables*, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010)(citations omitted).
[6] *Id.*
[7] *Id.*
[8] *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM-KGS, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan.1995) (internal citations omitted).

show good faith on its part and some reasonable basis for not meeting the deadline."[9] With these standards in mind, the court evaluates plaintiff's motion.

## Discussion

The scheduling order established an August 5, 2015 deadline for any motion to join additional parties or to otherwise amend the pleadings. (ECF No. 31.)  Plaintiff's first motion to amend (ECF No. 42) was timely filed; however, his "amended" motion (ECF No. 44) was filed on August 17, 2015.  Plaintiff argues his amended motion "relates back" to his first motion under Rule 15(c)(1)(C).  But this standard relates only to the filing of an amended *pleading*, defined by Rule 7 as a complaint, answer, answer to counterclaim or crossclaim, third party complaint, answer to third-party complaint, or reply to an answer.[10]  Plaintiff cites no authority to consider application of Rule 15(c) to the filing of an amended motion.  Therefore, the court applies only the standards for amendment under Rules 15(a) and 16(b)(4).

**A. Good Cause under Rule 16(b)(4)**

Plaintiff's motion seeking leave to substitute Equifax Information Services, LLC as a defendant in place of its parent company, Equifax Inc. (ECF No. 44) was filed after the August 5 deadline set by scheduling order.  Therefore the motion is untimely unless plaintiff shows good cause for modifying the deadline.

---

[9] *Id.*

[10] *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177 (10th Cir. 2005) ("Pleadings are categorically distinguished from motions, *see* Rule 7(a) & (b), and the provisions of Rule 15 regarding amendments and their relation-back apply only to pleadings.")

Equifax argues plaintiff cannot demonstrate due diligence because he made no attempt to substitute parties after repeatedly being notified in its Answer (filed April 3, 2015) and through discovery (served June 3, 2015) that Equifax is not the proper party to the action. Because plaintiff should have known for months that he named Equifax in error, he cannot show he was diligent in failing to correct that error. Equifax stated in its Answer that it "not a credit reporting agency," "is not a proper party to this action," and "is not the consumer reporting agency for plaintiff's credit file," and made similar statements in its initial disclosures.

While it is true that Equifax disputed its characterization as a credit reporting agency, none of Equifax's responses alluded to the identity of the proper party—its wholly-owned subsidiary. Although the defendant is certainly not required to make plaintiff's case for him, the court acknowledges plaintiff's confusion regarding the identity of this defendant. Plaintiff's counsel has litigated 13 other cases opposing Equifax, Inc. against the same counsel who currently represent Equifax in this matter. According to counsel's affidavit, in none of those matters did Equifax raise a similar defense. The companies share the same address and their registered agents in Kansas share an office suite.

The court finds that plaintiff's confusion does not constitute carelessness; rather, plaintiff's counsel has demonstrated good faith and a reasonable basis for not meeting the deadline. Plaintiff filed his second motion only 14 days after the initial deadline, with his first motion to amend already pending and prior to any defendant's response. Discovery is not yet complete and the pretrial conference has not been held. In light of the good

faith of plaintiff and the procedural posture of this case, the court finds that plaintiff has established good cause under Fed. R. Civ. P. 16(b)(4).

## B. Rule 15 Standard

Upon finding good cause, the court must assess whether the more liberal Rule 15(a)(2) standard for amendment has been satisfied. Equifax focuses on good cause and the underlying factors of timeliness and delay but does not specifically address the issues of futility or bad faith. For the reasons discussed above, the court finds that the motion should not be denied on the basis of undue delay or untimeliness under Rule 15(a)(2).

In general, permission to amend "is liberally granted where there is no prejudice."[11] As the non-moving party, Equifax bears the burden of demonstrating that it would be prejudiced by the proposed amendment,[12] but defendant does not raise the issue of prejudice. Further, a finding of prejudice typically occurs only when an amendment would "unfairly affect the defendant in terms of preparing [its] defense to the amendment."[13] Whether the amended claim raises significantly new factual issues and a different subject matter are factors to be considered.[14] Here, the plaintiff's original FCRA claim and the requested amendment contain "significant overlap in the factual underpinnings and defenses" and therefore this court finds no prejudice.[15] Additionally, the court agrees with plaintiff that denial of the amendment would constitute "form over

---

[11] *Minter*, 451 F.3d at 1208 (internal citation omitted).
[12] *Rural Water Dist. No. 4, Douglas Cnty. v. City of Eudora, Kansas*, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008).
[13] *Minter*, 451 F.3d at 1208 (internal citation omitted)
[14] *Id.*
[15] *Id.*

substance." If plaintiff is denied the opportunity to amend, he intends to file a separate action against Equifax Information Services and request consolidation with the present case—therefore wasting judicial resources and the time and expense of both parties.

Plaintiff has satisfied his burden to show good cause and defendant has not met its burden to show prejudice. In light of the above, and keeping in mind the court's preference for making decisions on the merits, the court therefore grants plaintiff leave to amend his complaint to substitute Equifax Information Services, LLC as a defendant in place of its parent company, Equifax Inc. (ECF No. 44).

**IT IS THEREFORE ORDERED** that plaintiff's motion to file an amended complaint allowing him to join a party plaintiff (**ECF No. 42**) is **GRANTED** as unopposed.

**IT IS FURTHER ORDERED** that plaintiff's amended motion allowing him to join a party plaintiff, substitute party defendant Equifax Information Services, LLC, and for leave to file amended complaint (**ECF No. 44**) is **GRANTED**. Plaintiff shall file his amended complaint on or before **October 15, 2015**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 2nd day of October, 2015.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge